United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40145
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN JASON SOLLEDER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-121-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of John Jason Solleder.

United States v. Solleder, 111 Fed. Appx. 738 (5th Cir. 2004)

(unpublished).  The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125

S. Ct. 738 (2005).  We requested and have received supplemental

briefs addressing Booker's impact.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Solleder asserts that the district court erred by sentencing him based on facts to which he did not admit and that were not found by a jury beyond a reasonable doubt and by sentencing him pursuant to mandatory guidelines. He contends that the mandatory application of the guidelines is a structural error and that prejudice should be presumed. He also asserts that he can meet the plain error standard because it is reasonably probable that he would have received a different sentence under advisory guidelines given that he cooperated by admitting his conduct and that he was sentenced at the lowest level under the guidelines.

Because Solleder did not preserve his arguments before the district court, plain error review applies. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), cert. denied, 2005 U.S. LEXIS 6132 (U.S. Oct. 3, 2005). This court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).

The error identified in Booker is not the use of extra verdict enhancements, but rather the use of such enhancements under a mandatory guidelines system. See Mares, 402 F.3d at 521. To establish that such an error affected an appellant's substantial rights, "the appellant must ordinarily point to statements in the record by the sentencing judge demonstrating a

likelihood that the judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result." See United States v. Pennell, 409 F.3d 240, 245 (5th Cir. 2005); Mares, 402 F.3d at 521.

Solleder has not made the requisite showing. This court has rejected the argument that mandatory application of the sentencing guidelines constitutes structural error or is presumptively prejudicial. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), cert. denied, 2005 U.S. LEXIS 6485 (U.S. Oct. 3, 2005). Additionally, the fact that Solleder was sentenced at the lowest end of the guidelines does not indicate that his sentence would likely have been different under advisory guidelines. See United States v. Bringier, 405 F.3d 310, 317-18 & n.4. (5th Cir. 2005), cert. denied, 2005 U.S. LEXIS 6686 (U.S. Oct. 3, 2005). Finally, there is no indication that the district court was inclined to decrease Solleder's sentence further based on his acceptance of responsibility.

Because Solleder has not established plain error under Booker, we REINSTATE OUR JUDGMENT affirming his sentence.